LUIS ALVAREZ and ROYAL BANK OF CANADA, Petitioners, v. DISTRICT COURT OF MAYAGÜEZ, Respondent.

No. 566. Argued March 31, 1927.—Decided June 14, 1927.

*Benet & Souffront* for the petitioners.  *J. Sabater* for the defendant.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

The question involved in this certiorari proceeding is whether or not a district court has discretion, under the provisions of section 140 of the Code of Civil Procedure, to grant an extension after the expiration of the time prescribed

by law for filing the statement of the case or the transcript of the evidence.

The District Court of Mayagüez having rendered judgment on the 29th of November, 1926, the defendant appealed therefrom on the 29th of December following and on the same date moved the court to direct the stenographer to prepare the transcript of the evidence. The motion was granted, but the twenty days prescribed by law for filing the transcript of the evidence expired without its presentation or an application being made for an extension of time.

Under these circumstances the appellant, on the 8th of February, 1927, filed a written motion in which it set forth in detail the concurring circumstances and requested the court that in furtherance of the ends of justice and through the exercise of the discretion conferred by section 140 of the Code of Civil Procedure, it be granted an extension for the filing of the transcript.

The court heard the parties and on the 5th of March following granted to the appellant the extension asked for and after the transcript had been filed set the 14th of the same month of March for its approval.

The appellee was not satisfied and applied for this writ of certiorari. The writ was issued and the parties were fully heard.

We have not stopped to relate the concurring circumstances because we will do so in deciding a certain motion to dismiss filed separately.

Nor shall we stop to consider such circumstances in order to ascertain whether or not they justify the exercise of the discretion. The only question that we shall consider here is whether the district court had jurisdiction to act as it did.

This court has held repeatedly that section 140 of the Code of Civil Procedure is not applicable to a case like the present, and therefore the district court had no discretion to grant a new extension.

It will be sufficient to cite the case of *Díaz* v. *P. R. Ry., Light & Power Co.*, 32 P.R.R. 336, where it was said:

"The grounds of our dismissal have been set forth in a previous opinion, citing the case of *Pardo* v. *Pardo,* 19 P.R.R. 1125.

"In the same volume in the case of *Fajardo Sugar Co.* v. *Santiago,* 19 P.R.R. 1129, we reiterated our holding that section 140 of the Code of Civil Procedure had no application to bills of exceptions and the like and we also drew attention to the fact that section 229 of the Code of Civil Procedure as amended in 1911 was dissimilar to any provision of the Code of Civil Procedure of California.

"Counsel now urge upon our attention the theory that section 140 of the Code of Civil Procedure was taken from California and hence presumptively with the interpretation put upon it by that State. We discussed some of the differences of practice in *Pardo* v. *Pardo, supra.* We may add that the rule of construction invoked is subject to a number of exceptions and one of them is when the construction given in the State of origin is in conflict with the obvious meaning of the statute. *Whitney* v. *Fox,* 166 U. S. 637, 647. As we pointed out in *Pardo* v. *Pardo, supra,* the Supreme Court of California did not follow the obvious meaning of the words used. Moreover, by appeal it is the Supreme Court of Porto Rico that acquires jurisdiction over a case and when an extraordinary privilege is invoked it is this court that has the power to grant it, supposing the power exists. The court below specifically is given only the right to extend the time. It is given no power to create a new term."

The opinion of this court on the matter has been upheld always by a majority vote, Mr. Justice Hutchison and I dissenting.

In an opposition presented by the adverse party in the original action it is amply argued in support of the power of the district court and citation is made of several California cases. However, a majority of the court who have reaffirmed their opinion in still more recent cases, have not been won over to a change of mind and as it stands there can only be one decision; that is, to set aside the order of the 5th of March, as it was rendered without jurisdiction.